**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARGARET PENNINGTON,<br><br>               Plaintiff,<br><br>      v.<br><br>THE BOARD OF EDUCATION OF<br>GENEVA COMMUNITY UNIT<br>SCHOOL DISTRICT 304, a municipal<br>corporation,<br><br>               Defendant. | Case No. 11 C 3890<br><br>Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Margaret Pennington, filed an eight count complaint against defendant, Board of Education of Geneva Community Unit School District 304 ("Geneva"), for employment discrimination claiming disparate treatment and retaliation as well intentional infliction of emotional distress. Geneva moves to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim and Rule 8(a) for failing to be sufficiently concise. For the reasons stated herein, Geneva's motion to dismiss [20] is granted in part and denied in part.

**Background**

Margaret Pennington, a doctor of philosophy in Education, worked in education for twenty-seven years before being hired on a twelve-month contract with Geneva as the principal of Heartland Elementary School on July 1, 2008. Pennington alleges that during her employment with Geneva she was discriminated against because of her age (52 years old) and her gender. She claims that she received less compensation, less respect, fewer opportunities, less assistance and more unwarranted criticism than her male counterparts.

The Illinois School Code requires school boards to evaluate principals on one-year

contracts by March 1 of the academic year. Pennington received a negative formal evaluation

from Geneva on June 3, 2009. Pennington, through counsel, invoked the provision of the Illinois

School Code that required a school board to extend a contract where it did not provide a

performance evaluation within the time mandated by statute. Geneva extended her contract for a

second year. Geneva transferred Pennington to a new position, Coordinator of Special Projects

and Resource Procurement; an action, which Pennington claims constituted retaliation and an

adverse employment action. Pennington claims that Geneva purposefully inhibited her work in

that position. In September 2009, she received her second negative performance evaluation. At

the meeting regarding her evaluation, Pennington alleges that she explicitly stated she believed

she was being discriminated against. On November 2, 2009, Pennington filed a Charge with the

Equal Employment Opportunity Commission alleging continuing discrimination and retaliation

based on age and gender.

Geneva notified Pennington on March 23, 2010, that her contract would not be renewed

and her position would be eliminated. On April 30, 2010, Pennington was placed on

administrative leave with pay until June 30, 2010, when her contract expired. She was escorted

from the building at 4:30 p.m. on April 30, 2010. Pennington filed the instant complaint on June

7, 2011, alleging eight counts of discrimination and retaliation including: (1) age discrimination

pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621; (2) gender

discrimination pursuant to Title VII, 42 U.S.C. §2000e; (3) unequal compensation in violation of

the Equal Pay Act, 29 U.S.C. §206(d)(1); (4) retaliation under the ADEA for Pennington's

expressed concern of discrimination and for filing an EEOC charge, resulting in her termination;

(5) retaliation under Title VII for Pennington's expressed concern of discrimination and for

filing an EEOC charge, resulting in her termination; (6) common law retaliatory discharge; (7)

intentional infliction of emotional distress; and (8) violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1. Geneva moves to dismiss all claims.

**Legal Standard**

A motion to dismiss tests the sufficiency of the complaint, not its merits. *See, e.g., Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Under the notice pleading standards of Rule 8, a complaint must set forth sufficient factual material, taken as true, to raise the plaintiff's right to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In order to survive a motion to dismiss, the complaint must, on its face, contain sufficient factual material for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, U.S. , 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

**Discussion**

This Court will first address Geneva's argument that Pennington's entire complaint violates the mandate of Rule 8(a) to provide a short and plain statement of the claim. Geneva argues that the complaint is excessive and confusing because it alleges eight different claims in thirty-six pages with 127 paragraphs of factual allegations. This Court disagrees that the complaint is excessive or confusing. While the complaint undoubtedly alleges more factual material than is generally required in a notice pleading jurisdiction, this Court does not believe such an overstatement renders the complaint so unintelligible that it is fatal to the claim.

Next, the Court turns to Geneva's argument that Pennington's claims for age and gender discrimination and retaliation are untimely. Geneva argues that Pennington's allegations related to her ultimate termination and retaliation for filing an EEOC charge are untimely since she failed to amend her EEOC charge within the 300 day time period. Pennington filed her EEOC

charge on November 2, 2009, alleging ongoing continuous discrimination and retaliation. Pennington did not and indeed could not have included retaliation for filing an EEOC charge or her ultimate termination in her original EEOC charge because those events occurred after November 2, 2009.

Several courts, including this district, have held that it is unduly burdensome to require a plaintiff to file a new or amended EEOC charge for claims of retaliation stemming from the filing of the first charge. *See, e.g., McKenzie v. Illinois DOT*, 92 F.3d 473, 482 (7th Cir. 1996) (citing *Gupta v. East Texas State University*, 654 F.2d 411, 414 (5th Cir. 1981), and collecting cases). This Court finds that Pennington's claim of retaliation based on her filing the EEOC charge is reasonably related to that charge and it would be unduly burdensome to require her to have filed a second charge prior to filing the complaint in this matter.

With respect to Pennington's claims based on her termination from employment, this Court finds the claim defective on other grounds. On July 1, 2008, Pennington was hired by Geneva on a twelve month contract and there is no allegation that the contract contained an automatic renewal provision. Thus, her contract would simply expire at the end of the twelve month period if no further action was taken. Geneva failed to formally evaluate Pennington prior to March 1, 2009, as mandated by the Illinois School Code, 105 ILCS 5/24A-15(1). Section 24A-15(e) states in that "[f]ailure by a district to evaluate a principal and to provide the principal with a copy of the evaluation at least once during the term of the principal's contract, in accordance with this Section, is evidence that the principal is performing duties and responsibilities in at least a satisfactory manner and <u>shall serve to automatically extend the principal's contract for a period of one year after the contract would otherwise expire, under the same terms and conditions as the prior year's contract</u>." (Emphasis added) 105 ILCS 5/24A-

15(e). Thus, Pennington's contract was extended for one year from July 1, 2009, when it would otherwise have expired and the terms of her original contract stated that it was for a period of twelve months. Accordingly, her contract would expire on June 30, 2010, unless action was taken to extend it.

Retaliatory discharge is an exception to "at-will" employment. *See Bajalo v. Northwestern University*, 369 Ill. App. 3d 576, 580 (2006). Retaliatory discharge does not encompass the failure to rehire. *Id.* at 584 (citing *Krum v. Chicago National League Ball Club, Inc.*, 365 Ill. App. 3d 785, 789-90 (2006)). Although Pennington attempts to argue that she was an at-will employee, she admits in her response brief that her contract was for twelve months. Geneva's decision not to renew her contract does not constitute discharge from employment. Pennington therefore fails to state claims for retaliation and discrimination based on her termination from employment and any claims brought on that basis are dismissed with prejudice.

Next, this Court addresses whether Pennington states a viable claim for intentional infliction of emotional distress. Geneva argues that Pennington's claim for intentional infliction of emotional distress fails either because it is preempted by the Illinois Human Rights Commission, it is time-barred by the Illinois Governmental Tort Immunity Act, or it is inadequately pled.

The Illinois Human Rights Commission has exclusive jurisdiction over civil rights violations. 775 ILCS 5/8-111(c). The Illinois Supreme Court has held that section 8-111(c) was not intended to abolish common law torts that are factually related to civil rights violations. *Blount v. Stroud*, 232 Ill.2d 302, 313 (2009). Similarly, the Seventh Circuit has held that "discrimination and intentional infliction of emotional distress are different wrongs," and thus torts that do not depend on a civil rights violation are not preempted. *See Sanglap v. LaSalle*

*Bank FSB*, 345 F.3d 515, 519 (7th Cir. 2003). Here, Pennington's claim of emotional distress is not preempted by the Illinois Human Rights Commission even though it relies on many of the same factual allegations as her discrimination claims. Pennington's allegations in support of intentional infliction of emotional distress can be interpreted independently from her discrimination claims. For example, claims such as the lack of mentoring, workload, personal attacks, assigned a dirty vermin infested office, being escorted off the premises, all leading to emotional suffering are not inextricably intertwined with gender or age discrimination. Therefore this Court finds that Pennington's claim is not preempted.

Nevertheless, Pennington's intentional infliction of emotional distress claim appears to be untimely under 745 ILCS 10/8-101(a), which contains a one-year statute of limitations for civil actions against a local entity or its employees. Pennington filed her complaint on June 7, 2011. In order to be timely, Pennington's allegations supporting her claim of intentional infliction of emotional distress must have occurred on or after June 7, 2010. "Where a tort involves a continuing or repeated injury, however, the statute of limitations does not begin to run until the date of the last injury or when the tortious acts cease." *Hyon Waste Management Services, Inc. v. Chicago,* 214 Ill. App. 3d 757, 763 (1991). Although Pennington alleges her last day of employment with Geneva was June 30, 2010, she makes no allegations of any conduct inflicting emotional distress after April 30, 2010, when she was put on administrative leave and escorted from the premises. Accordingly, Pennington's claim of intentional infliction of emotional distress is dismissed without prejudice.

Lastly, Geneva moves to dismiss Pennington's claim that Geneva violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, by failing to reimburse her for various employment related expenses. Geneva argues that Pennington has not alleged the

existence of a contract providing her with reimbursement for various employment related expenses. The Act does not specifically require a contract; rather, it states that an employer shall pay the employee compensation, bonuses, etc. that are owed pursuant to "an employment contract or agreement between the two parties." (Emphasis added.) 820 ILCS 115/2. An "agreement" requires only a manifestation of mutual assent on the part of the parties and does not require the formalities of a contract. *Zabinsky v. Gelber Group, Inc.*, 347 Ill. App. 3d 243, 249 (2004) (citing Black's Law Dictionary 35 (abridged 5th ed. 1983) and Restatement (Second) of Contracts § 3, Comment a, at 13 (1981)).

Here, Pennington has alleged that Geneva's "practice" was to reimburse employees for job related expenses. However, a plaintiff cannot use "practice" to create a contract unless sufficient facts are alleged to imply a contract or mutual assent to an agreement. *See Stark v. PPM Am. Inc.,* 354 F.3d 666, 672 (7th Cir. 2004) (citing *Brines v. XTRA Corp.,* 304 F.3d 699 (7th Cir. 2002)). Pennington has not alleged facts to create even an inference of mutual assent to reimbursement for the expenses that she is claiming, thus her claim that Geneva violated the Illinois Wage Payment and Collection Act is dismissed without prejudice.

**Conclusion**

Based on the foregoing, Geneva's Motion to Dismiss [20] is granted in part and denied in part. Pennington is granted leave to file an amended complaint consistent with this opinion and order within 14 days of its entry.

IT IS SO ORDERED.

Date: November 28, 2011

Entered: _____

Sharon Johnson Coleman