**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DR. MARGARET PENNINGTON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 11 C 3890 |
| THE BOARD OF EDUCATION OF GENEVA COMMUNITY UNIT SCHOOL DISTRICT 304, a municipal corporation, | ) ) ) ) ) | Judge Sharon Johnson Coleman |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

On November 28, 2011, this Court granted in part and denied in part the Board of Education's motion to dismiss the original complaint. This Court dismissed as untimely Pennington's claim for intentional infliction of emotional distress under Illinois law due to the expiration of the statute of limitations. Pennington filed an Amended Complaint and defendant again moves to dismiss the claim of intentional infliction of emotional distress (Count VI) as untimely and failing to state a claim pursuant to Rule 12(b)(6). For the reasons stated below, the motion should be granted and Count VI of the Amended Complaint dismissed with prejudice.

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court takes as true all well-pleaded allegations in the complaint and construes all reasonable inferences in favor of the plaintiff. In order to survive dismissal, claims must be plausible and the plaintiff must allege facts raising the claims above the speculative level. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). Under Illinois law, 745 ILCS 10/8-101(a), there is a one-year statute of limitations for civil actions

against a local entity or its employees. This Court previously found Pennington's intentional infliction of emotional distress claim as untimely because she had not alleged any conduct after June 7, 2010, the operative date for purposes of the statute of limitations.

In her Amended Complaint, Pennington added three factual allegations occurring after June 7, 2010, in an effort to revive her intentional infliction of emotional distress claim: (1) that the Board threatened to file a lawsuit against her; (2) the Board did file a lawsuit; and (3) publicly stated that Pennington's claims in this case are "patently false". Pennington asserts that the additional factual allegations were part of a campaign against her and thus constitute a continuing tort and the statute of limitations does not begin to run until the last act occurred.

"Where the acts are continuous, by the same actor, and are of a similar nature, the prescriptive period for intentional infliction of emotional distress does not commence until the last act occurs or the conduct is abated." *Pavlik v. Korhaber,* 326 Ill.App.3d 731, 745 (1st Dist. 2001). Since the last act that Pennington alleges as part of the campaign of intentional infliction of emotional distress by the Board was denial of the claims in this lawsuit, it necessarily falls within the statute of limitations. However, Pennington's claim is timely only if it constitutes a continuing violation. Illinois courts have found continuing infliction of emotional distress as timely even where each individual instance is not actionable. *See Feltmeier v. Feltmeier*, 207 Ill.2d 263, 274 (2003)(holding that a decade of domestic abuse including verbal insults, humiliations, deprivation of freedom of movement and physical injury constituted a pattern and course of accumulated acts that tolled the statute of limitations).

Pennington relies on *Naeem v. McKesson Drug Co*., 444 F.3d 593 (7th Cir. 2006), to assert that her claims are even more egregious. However, in that case, the court acknowledged that the plaintiff was pregnant and particularly susceptible to emotional distress and some of the

conduct alleged included requiring the plaintiff to climb a ladder and crawl under furniture while she was pregnant. *Id*. at 598-99. Furthermore, there was no issue of timeliness in *Naeem*. The relevant issue here is whether Pennington's new factual allegations are sufficiently similar to the rest of her allegations of conduct constituting the extreme and outrageous behavior underpinning her intentional infliction of emotional distress claim. This Court finds they do not.

In the cases where continuing conduct has been found to toll the statute of limitations, the alleged behavior is of a very similar nature. For example, in *Feltmeier*, there was ongoing domestic abuse, and in *Pavlik* the plaintiff was subjected to ongoing and frequent sexual advances that continued after the plaintiff ceased employment with the defendant. *See Feltmeier,* 207 Ill.2d at 274; *Pavlik*, 326 Ill.App.3d at 746. The case at bar is more akin to the situation in *Robinson v. Morgan Stanley*, 2007 U.S. Dist. LEXIS 70604 (N.D. Ill. Sept. 24, 2007)(J. Holderman). In *Robinson,* the court dismissed the plaintiff's intentional infliction of emotional distress claim as barred by the statute of limitations because the only conduct alleged to have occurred within the statute of limitations, i.e. Robinson's termination, was not of a sufficiently similar nature to suggest that it should be considered a continuation of the earlier conduct. *Id.* at *29. The court explained that "the majority of the allegations in Robinson's IIED claim describe a pattern and practice of intentionally isolating Robinson, disrupting her ability to perform her job duties, and denying her certain employment benefits." *Id*. The court further reasoned that "[w]hile Robinson may have felt 'humiliated' at having been terminated during working hours within the sight of her co-workers and friends, the actions allegedly taken by the defendants on August 24, 2004 do not suggest further attempts to shun Robinson, obstruct her ability to perform her duties, or single her out for loss of employee benefits." *Id.*

Here, the majority of Pennington's allegations of intentional infliction of emotional distress describe a pattern of conduct specifically related to her employment, including subjecting her to criticism, preventing her from doing her job, depriving her of adequate support in her position, and paying her less than her peers. The actions allegedly taken by the Board after June 7, 2010, threatening to and ultimately filing a lawsuit, and denying the allegations made against it here, do indicate further efforts by the Board to criticize and obstruct Pennington's job performance. Accordingly, the post-June 7, 2010 allegations are not sufficiently similar to the rest of Pennington's allegations of extreme and outrageous conduct to qualify as continuing conduct tolling the statute of limitations.

Defendant's Motion to Dismiss Count VI [45] is granted. Count VI of the Amended Complaint for intentional infliction of emotional distress is dismissed with prejudice.

IT IS SO ORDERED.

Date: March 1, 2012

Entered:_____
Sharon Johnson Coleman